UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    File No. 1:06-CR-182
                                                      File No.  1:06-CR-183

v.

                                                       HON. ROBERT HOLMES BELL
HEATHER J. ALDRIDGE,                 HON. GORDON J. QUIST
ADAM A. ALDRIDGE,

        Defendants.
                                          /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion for joinder of two separate cases for trial. The government filed separate Class A Informations against Heather J. Aldridge, File No. 1:06-CR-182 (Bell, C.J.), and Adam A. Aldridge, File No. 1:06-CR-183 (Quist, J.).

Defendants, who are both represented by the same attorney, oppose the motion for joint trial because each Defendant acted independently of the other, because the government will be alleging that each Defendant engaged in different acts, and because a joint trial will be highly prejudicial.

The Court may order that separate cases be tried together "if all offenses and all defendants could have been joined in a single indictment or information." FED. R. CRIM. P. 13. An indictment or information may charge two or more defendants "if they are alleged

to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

The informations filed in these two cases allege that on or about July 4, 2006, Defendants Heather J. Aldridge and Adam A. Aldridge did forcibly assault, resist, oppose, impede, intimidate, and interfere with law enforcement officers in violation of 18 U.S.C. § 111(a)(1), that they both engaged in disorderly conduct contrary to 36 C.F.R. § 2.34, and that Defendant Adam A. Aldridge was present in a park area while under the influence of alcohol to a degree that endangered himself, others, or property, contrary to 36 C.F.R. § 2.35(c).

Although the government may not be alleging that the conduct engaged in by each defendant was identical, Defendants have not refuted the government's contention that the offenses arise out of the same series of acts and will involve much of the same evidence and the testimony of the same witnesses.

Joint trials are favored in this circuit, and defendants are not entitled to separate trials "merely because they may have a better chance of acquittal in separate trials." *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) (quoting *Zafiro v. United States*, 506 U.S. 534, 540 (1993)). The Court presumes that juries are "capable of sorting out the evidence and considering the case of each defendant separately." *Id.* (quoting *United States v. Harris*, 9 F.3d, 493, 501 (6th Cir. 1993)).

It appears to this Court that trying these two cases together will promote economy and efficiency and will not unduly prejudice Defendants.  Accordingly,

**IT IS HEREBY ORDERED** that the government's motion for joinder (Docket # 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that *United States v. Aldridge*, 1:06-CR-183, will be consolidated with *United States v. Aldridge*, 1:06-CR-182, for purposes of final pretrial and trial.  The final pretrial conference currently scheduled before Judge Quist in File No. 1:06-CR-183 is cancelled.  Defendant Adam A. Aldridge shall instead appear before this Court on September 8, 2006, at 11:30 a.m. for the final pretrial conference and on September 25, 2006, at 9:00 a.m. for trial.

**IT IS FURTHER ORDERED** that counsel for the Aldridges shall confer with Defendants to determine whether they desire joint representation and whether a conflict of interest is likely to arise.

Date:      August 13, 2006               /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE